# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| JEREMY DAVID, individually and on behalf of himself and persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HERC RENTALS INC., a foreign corporation; HERC RENTALS EMPLOYEE SERVICES LLC, a foreign limited liability company; and DOES 1-20,<br><br>Defendants. | Case No. 2:24-cv-00175<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

**TO:**      **CLERK OF THE COURT**

**AND TO:**    **PLAINTIFF JEREMY DAVID AND HIS ATTORNEY OF RECORD**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants Herc Rentals Inc. and Herc Rentals Employee Services LLC (collectively, "Defendants") hereby remove the instant action from the King County Superior Court for the State of Washington, Case No. 24-2-00173-5 SEA, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). This Notice of Removal is supported by the Declarations of Adam T. Pankratz ("Pankratz Decl.")

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

and Derek Lively ("Lively Decl.") filed concurrently herewith, and the statements of facts and arguments below.

## I. BACKGROUND

1. On or about January 3, 2024, Plaintiff Jeremy David caused to be filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief ("Complaint") in this action in the King County Superior Court for the State of Washington, captioned *Jeremy David, individually and on behalf of all others similarly situated, Plaintiff, vs. Herc Rentals Inc., a foreign corporation; Herc Rentals Employee Services LLC, a foreign limited liability company; and Does 1-20, Defendants*, Case No. 24-2-00173-5 SEA. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to the Declaration of Adam T. Pankratz ("Pankratz Decl.") at ¶ 2.

2. On January 3, 2024, Plaintiff filed his 20-day Summons to Defendants Herc Rentals Inc. and Herc Rentals Employee Services LLC with the King County Superior Court. Pankratz Decl. at ¶ 3, Ex. 2.

3. On January 3, 2024, Plaintiff filed a true and correct copy of the Case Information Cover Sheet and Area Designation. Pankratz Decl. at ¶ 4, Ex. 3.

4. On January 3, 2024, the King County Superior Court Clerk entered an Order Setting Civil Case Schedule. Pankratz Decl. at ¶ 5, Ex. 4.

5. On January 18, 2024, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant Herc Rentals Inc. and Herc Rentals Employee Services LLC on January 9, 2024. Pankratz Decl. at ¶ 6, Ex. 5.

6. On January 25, 2024, Adam T. Pankratz filed a Notice of Appearance on behalf of Defendants in the King County Superior Court. Pankratz Decl. at ¶ 7, Ex. 6.

7. The foregoing Exhibits 1–6 constitute all of the process, pleadings, and orders either served upon Defendants or filed in this action. Pankratz Decl. at ¶ 8.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

8. The deadline for Defendants to remove this action has not expired since receipt by Defendants of the Summons and Complaint. Defendants have not voluntarily invoked or submitted to the jurisdiction of the King County Superior Court of the State of Washington in any manner. Pankratz Decl. at ¶ 12.

9. No further proceedings have been had in the state court as of the date of this Notice. *Id.* As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court action have been provided herewith.

## II.   DIVERSITY JURISDICTION

10. District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted). Both requirements of diversity jurisdiction are met here, as addressed below.

**A.   Complete Diversity of Citizenship.**

11. Plaintiff and Defendants are citizens of different states. 28 U.S.C. § 1332.

(a) Plaintiff's Citizenship. For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The Ninth Circuit has held that "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). Here, Plaintiff pled in his Complaint that he is a resident of Whatcom County, Washington. Pankratz Decl. ¶ 2, Ex. 1. Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

(b) Defendants' Citizenship**.** "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

business." 28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Here, both Defendants Herc and Herc Rentals Employee Services are incorporated in Delaware, and have their principal place of business in Bonita Springs, Florida, where their administrative and executive functions occur. Lively Decl., ¶ 3. Thus, for diversity purposes, Defendants must both be considered citizens of the states of Delaware and Florida. *Id.*

12. Based upon the foregoing, there is complete diversity of citizenship between Plaintiff, who is a citizen of Washington, and Defendants, which are citizens of Delaware and Florida.

**B.  Amount in Controversy.**

13. The amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

14. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

15. Defendants have the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

16. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

17. Under 28 U.S.C. § 1446(c), Herc has a reasonable good-faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

(a) <u>Statutory Damages</u>. First, Plaintiff first seeks statutory damages of actual damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1). *See* Pankratz Decl., Ex. 1, at Section VII. Request for Relief, ¶ 2.

(b) <u>Attorneys' Fees, Expenses, and Costs</u>. Second, Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.58.070(1). *See* Pankratz Decl., Ex. 1, at Section VII. Request for Relief, ¶ 3. Statutory attorneys' fees are included in a computation of the amount in controversy. *Galt G/S*, 142 F.3d at 1155–56. The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal. *Chavez,* 888 F.3d at 417; *Fritsch*, 899 F.3d at 788. Defendants retain the burden of proving the amount of future attorneys' fees by a preponderance of the evidence, *Fritsch*, 899 F.3d at 788, and may estimate them at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). Based on experience in similar class action litigation, if successful, Plaintiff's fee award will likely be in excess of $75,000, and in fact, Plaintiff's counsel has routinely sought approval of fee awards in excess of that amount. *See* Pankratz Decl., Exs. 11-14 (approval of fee awards of $138,600, $204, 848.83, $270,000, and $85,000). Further to this

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

point, courts in the Ninth Circuit have estimated the number of hours for employment cases between 100 and 300 hours. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia,* 2014 WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015). Plaintiff's counsel recently sought approval of a billing rate of $725 per hour, and presuming he would do the same here, his fees would outstrip the amount in controversy threshold. *See* Pankratz Decl., Ex. 12 (approval of $725 per hour).

(c) Service Award**.** Finally, Plaintiff will likely seek a service award related to his purported role as class representative. In collective and class action cases, Plaintiffs routinely request an award of $15,000-$20,000. Defendants expect no difference here.

18. In Sum. When combined, it is more likely than not that the amount in controversy exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000.

### III. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

19. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

20. This Notice of Removal is being timely filed within 30 days of January 9, 2024, when according to Plaintiff's Declarations of Service, Defendants received notice of the pleadings upon which this removal is based. *See* 28 U.S.C. § 1446(b).

21. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

22. As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendants served Plaintiff with this Notice of Removal and with their Notice to State Court of Removal to Federal Court.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this case be removed from the King County Superior Court of the State of Washington to this Court. Defendants reserve, and do not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 8th day of February, 2024.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> By: */s/ Adam T. Pankratz*
>   Adam T. Pankratz, WSBA #50951
>   1201 Third Avenue, Suite 5150
>   Seattle, WA  98101
>   Telephone:  (206) 693-7057
>   Facsimile:  (206) 693-7058
>   Email:   adam.pankratz@ogletree.com
>
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> By: */s/ Mathew A. Parker*
>   Mathew A. Parker, OSBA #0093231
>   (*pro hac vice* application to be submitted)
>   The KeyBank Building
>   88 East Broad Street, Suite 2025
>   Columbus, OH  43215
>   Telephone:  (614) 494-0420
>   Facsimile:  (614) 633-1455
>   Email:  mathew.parker@ogletree.com
>
> *Attorneys for Defendants Herc Rentals Inc. and Herc Rentals Employee Services LLC*

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2024, I served the foregoing DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
Telephone:  (206) 442-9106
Facsimile:  (206) 441-9711
Email:	emeryt@emeryreddy.com
		reddyp@emeryreddy.com
		paul@emeryreddy.com

*Attorneys for Plaintiff Jeremy David*

☒	by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐	by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒	by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 8th day of February, 2024 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Cheryl L. Kelley*
     Cheryl L. Kelley, Practice Assistant
     cheryl.kelley@ogletree.com

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8
Case No. 2:24-cv-00175

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058