The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY DAVID,

      Plaintiff,

v.

HERC RENTALS INC., *et al.*,

      Defendants.

NO. 24-cv-175-BJR

**ORDER DENYING AS MOOT
MOTION TO DISMISS AND
REMANDING CASE**

## I.     INTRODUCTION

The Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a revised provision took effect, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. RCW 49.58.110. Employees and job applicants are entitled to remedies for violations of this provision, which may include statutory damages. *Id.* Within a few months, a few plaintiffs, represented by Emery Reddy, PLLC, filed multiple putative class-action lawsuits against various companies who had job postings that are alleged to be non-compliant with the EPOA job-posting provision. This case is one of 27 lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the defendants. This case was

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

removed to this Court on February 8, 2024, and Defendant, Herc Rentals Inc. ("Herc Rentals"), filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Mot., ECF No. 10. Having reviewed the materials[1] and the relevant legal authorities, the Court will remand this case to King County Superior Court pursuant to 28 U.S.C. § 1447(c) and deny the motion to dismiss as moot. The reasoning for the Court's decision follows.

## II.    BACKGROUND

### A.  Statutory Background

Washington State passed its first equal pay legislation, the Equal Pay Act, in 1943, and amended it for the first time in 2018, at which time it became known as the Equal Pay and Opportunities Act ("EPOA"). *See* RCW 49.12.175; 49.58.005. The Washington Legislature found that "despite existing equal pay laws, there continue[d] to be a gap in wages and advancement opportunities among workers in Washington, especially women." RCW 49.58.005. The law was updated "to address income disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all workers in Washington state." *Id.*

In 2019, the law was further updated to address discriminatory hiring practices by prohibiting employers "from seeking the wage or salary history of an applicant for employment in certain circumstances," and by requiring "an employer to provide wage and salary information to applicants and employees" upon request, although only "after offering the applicant the position." *Id.*; RCW 49.58.100-110. The 2019 amendments permitted "[a]n individual" to pursue relief for wage disclosure violations. *Id.*  Remedies included "actual damages; statutory damages equal to the

---

[1] Including the motion, ECF No. 10; response in opposition, ECF No. 14; and reply, ECF No. 17; together with multiple exhibits as well as related motions and responses.

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 2

1    actual damages or five thousand dollars, whichever is greater;" as well as costs and reasonable

2    attorneys' fees. RCW 49.58.060-070.

3        In 2022, the Washington Legislature enacted the most recent amendment, which modified

4    RCW 49.58.110 to require employers to proactively disclose compensation information when a

5    position is posted as available. This "allows a discussion at the start of the process instead of after

6    an offer has been made, which will increase the ability to negotiate pay." Compl. ¶ 3, ECF No. 1-1

7    (quoting H.B. Rep. ESSB 5761, at 2). The 2022 amendment also replaced the term "individual" in

8    the relief section, specifying that an applicant or employee is entitled to remedies. RCW 49.58.110

9    (4); H.B. Rep. ESSB 5761, at 2.

10       The provision became effective January 1, 2023, and reads as follows:

11           (1) The employer must disclose in each posting for each job opening
             the wage scale or salary range, and a general description of all of the
12           benefits and other compensation to be offered to the hired applicant.
             For the purposes of this section, "posting" means any solicitation
13           intended to recruit job applicants for a specific available position,
             including recruitment done directly by an employer or indirectly
14           through a third party, and includes any postings done electronically,
             or with a printed hard copy, that includes qualifications for desired
15           applicants.

16           (2) Upon request of an employee offered an internal transfer to a
             new position or promotion, the employer must provide the wage
17           scale or salary range for the employee's new position.

18           (3) This section only applies to employers with 15 or more
             employees.
19
             (4) A job applicant or an employee is entitled to the remedies in
20           RCW 49.58.060 and 49.58.070 for violations of this section.
             Recovery of any wages and interest must be calculated from the first
21           date wages were owed to the employee.

22   RCW 49.58.110. Although the EPOA defines "employee" and "employer," and the provision

23   defines "posting" and limits application to employers with 15 or more employees, there is no

24   ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

25   - 3

definition of "job applicant." *See* RCW 49.58.010; 49.58.110. The Washington State Department of Labor and Industries ("Department" or "L&I") is the state agency charged with implementing the EPOA and provides guidance regarding the interpretation and application of the EPOA. *See* RCW 49.58.010, 49.58.090. In response to questions employers raised while attempting to comply with the new EPOA requirements, the Department issued Administrative Policy ES.E.1[2] in late 2022 to provide information for employers on how to comply with the pay transparency requirements. It also issued an online publication to assist with filing a L&I EPOA complaint, and an Employer's Guide to the EPOA. Ex. C, ECF No. 11-3; Ex. E, ECF No. 11-5. The L&I complaint form includes, in its covering instructions: "Important: A person is only considered an 'applicant' for the specific posting they applied for, not for every available job of the employer. L&I will investigate complaints filed by applicants who have applied to a job in good faith with the intent of gaining employment." Complaint Form, Ex. C.

In January 2024, House Bill 2349 was introduced to the Legislature, proposing to include the definition of "job applicant" as "a person who has made and submitted a bona fide application for employment for a position listed by an employer covered by this section." House Bill 2349, Decl. Ex. 1, ECF No. 19.[3] It also proposed the addition of a safe harbor provision for employers, giving them 10 days to correct the posting after written notice of non-compliance. *Id.* The bill did not advance past nomination. However, in the same legislative session, substitute House Bill 1905

---

[2] Available at https://www.lni.wa.gov/workers-rights/_docs/ese1.pdf (last accessed Apr. 11, 2024); Ex. B, ECF No. 11-2.

[3] The Court grants Plaintiff's request that the Court take judicial notice of House Bill 2349 and Substitute House Bill 1905. ECF No. 19. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020). Defendant has neither objected to the request nor disputed the content of the documents. However, the Court found it unnecessary to refer to these documents in its analysis and includes them here simply as part of the statutory background.

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 4

1    passed, which amends the EPOA to include additional protected classes, but does not include any

2    changes to RCW 49.58.110. It is slated to take effect July 1, 2025.

3    **B. Factual and Procedural Background**

4          On December 20, 2023, Jeremy David applied for as job opening for a mechanic at Herc

5    Rentals in Seattle, Washington. Compl. ¶¶ 8, 15-16, 30; Ex. 1, ECF No. 1-1. He alleges that the job

6    posting did not disclose the wage scale or salary range. *Id.* ¶¶ 15-16. Mr. David filed suit against

7    Herc Rentals in the King County Superior Court on January 3, 2024. *Id.* at 8.  He claims to represent

8    more than 40 potential class members who also applied for jobs with Herc Rentals for positions

9    that did not disclose the wage scale or salary range. *Id.* ¶ 15. Mr. David asserts three causes of

10   action: (1) Violation of RCW 49.58.110; (2) Injunctive Relief; and (3) Declaratory Relief." Compl.

11   ¶¶ 28-37. He seeks statutory damages, costs, and reasonable attorneys' fees pursuant to RCW

12   49.58.070(1). *Id.* at 7.

13         Herc Rentals removed the case to this Court on February 8, 2024, on the basis of diversity

14   jurisdiction, 28 U.S.C. § 1332(a). Notice of Removal, ECF No. 1. Herc Rentals filed a motion to

15   dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and motion to strike pursuant to Rule

16   12(f), arguing that Mr. David fails to plead a plausible claim primarily because he does not allege

17   that he applied for the posted position in good faith with the intent to gain employment. Mot. 1-2,

18   ECF No. 10. Herc Rentals also argues that Mr. David's class action allegations should be stricken

19   as too broad. *Id.* at 2. Herc Rentals also asserts that Mr. David lacks standing and has no statutory

20   right to bring a civil action. *Id.* at 8-9.[4]

21

22   ─────────────────────

23   [4] The Court notes that Herc Rentals did not move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal jurisdiction. Regardless, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Although Mr. David has not

24   ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

25   - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### III.   LEGAL STANDARD

#### A.  Dismissal Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

Typically, a court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. The court may consider such documents so long as their authenticity is not contested, and the complaint relies on them. *Id.*, *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If such documents conflict with a plaintiff's allegations in the complaint, the court need not accept the allegations as true. *See*

---

moved to remand this case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 6

1  *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) ("Although we

2  normally treat all of plaintiff's factual allegations in a complaint as true, we need not . . . accept as

3  true allegations that contradict matters properly subject to judicial notice or by exhibit." (citation

4  omitted)).

5  **B.  Strike Under Rule 12(f)**

6        Federal Rule 12(f) provides that a court may strike from a pleading any "insufficient

7  defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

8  To show that a defense is "insufficient," the moving party must demonstrate "that there are no

9  questions of fact, that any questions of law are clear and not in dispute, and that under no set of

10  circumstances could the defense succeed." *Sec. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149,

11  1165 (C.D. Cal. 1995) (citations omitted). Motions to strike a defense as insufficient are often

12  disfavored by federal courts "because of their somewhat dilatory and often harassing character."

13  *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016) (citations

14  omitted).

15        The purpose of a Rule 12(f) motion to strike is to "avoid the expenditure of time and money

16  that must arise from litigating spurious issues by dispensing with those issues prior to trial."

17  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v.*

18  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).  A strike motion "will usually be denied unless the

19  allegations in the pleading have no possible relation to the controversy, and may cause prejudice to

20  one of the parties." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011)

21  (citing 5A C. Wright & A. Miller, Fed. Prac. and Proc.: Civil 2d 1380).  A motion to strike is not

22  an appropriate procedure for resolving "disputed and substantial factual or legal issue[s]," which

23  are better brought under Federal Rules 12 or 56. *Whittlestone*, 618 F.3d at 973-74.

24  ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

25    - 7

1

## IV.   DISCUSSION

2
3
4
5
6
7
8
9
10

Herc Rentals maintains that Mr. David does not have the right to file a private cause of action, and he lacks Article III standing because he has failed to allege an injury in fact.  Mot. 8-9. Herc Rentals also contends that Mr. David "made no allegation that he applied for the position with Defendants in good faith with the intent of gaining employment," noting that his application and conduct indicates the opposite is true because he filed this lawsuit within weeks of applying.  *Id.* at 6. Herc Rentals suggests that Mr. David was searching for a job posting rather than a job for the purpose of collecting money under RCW 49.58.110. *Id.* Herc Rentals also argues that the Court should strike Mr. David's class allegations because he cannot make a *prima facie* showing of Rule 23's requirements.  *Id.* at 10. The Court shall address each in turn.

11

### A.  Private cause of action for applicants

12
13
14
15
16
17
18

Herc Rentals contends that the EPOA only provides the remedy of a private right of action, RCW 49.58.070, to employees and not job applicants such as Mr. David. Mot 8 (citing the L&I Employer's Guide). This Court has recently ruled that job applicants are authorized to bring a civil action for violation of RCW 49.58.110.  *See, e.g.*, *Floyd v. Insight Global, LLC, et al.*, 23-CV-1680-BJR, 2024 WL 1804630, at *4-5 (W.D. Wash. Apr. 25, 2024), as amended (May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 1886081, at *4-5 (W.D. Wash. Apr. 30, 2024), as amended (May 10, 2024).[5]

19
20
21
22
23
24
25

---

[5] The Court notes that in *Atkinson*, it also concluded that out-of-state applicants are protected, and failure to allege being a resident of Washington state when applying for a Washington-based position is not cause for dismissal. 2024 WL 1886081, at *5-6.

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 8

**B.  Standing requires more than a technical violation**

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). Whether Plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional). Even in a class action, "standing is the threshold issue . . . . If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Further, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

At issue here is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).  Herc Rentals argues that Mr. David fails to plead facts supporting an injury, and he does not have standing simply because the statute at issue "purports to authorize [him] to sue to vindicate [a] right." Mot. 9

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

1    (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016)). In his

2    response, Mr. David asserts that he has Article III standing because "it is a violation of the statute

3    that creates the injury, intangible as that injury may be." Opp'n 10 (citing *Patel v. Facebook Inc.*,

4    932 F.3d 1264, 1270-71 (9th Cir. 2019)).

5          This Court recently considered these same arguments and whether the specific statutory

6    violation alleged in this case actually harms, or presents a material risk of harm, to a plaintiff's

7    concrete interests when the plaintiff has not alleged that he applied for the posted position in good

8    faith with a genuine interest in employment with the employer. *See Floyd*, 2024 WL 1804630, at

9    *5-8; *Atkinson*, 2024 WL 1886081, at *6-9.  The Court concluded that a violation of the statutory

10   provision at issue here—a job posting with no compensation information included—is a technical

11   or procedural violation that by itself does not manifest concrete injury but requires a bona fide

12   applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for

13   the job with good-faith intent, and as such became personally exposed to the risk of harm caused

14   by the violation.

15         Mr. David, perhaps recognizing that the allegations in his complaint are deficient, provided

16   a declaration with his response in opposition to the motion.  Opp'n 4-5, 8 (citing David Decl., ECF

17   No. 15).  In his declaration, he included details of his job search, and a statement that he "applied

18   to work for Defendants in good faith and remain[s] prepared to accept the position should

19   Defendants extend an offer of employment that meets [his] salary and benefits requirements."

20   David Decl. ¶¶ 13. To survive a motion to dismiss, Mr. David need only allege facts, accepted as

21   true, that give rise to a reasonable inference that he suffered an injury sufficiently concrete for the

22   purposes of Article III. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1118 (9th Cir. 2017). Mr. David's

23   conclusory allegations in his complaint are insufficient. *See Sprewell v. Golden State Warriors*, 266

24   ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

25    - 10

F.3d 979, 988, *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory. . . ."). Although Mr. David's declaration shows that he may be capable of amending his complaint to support standing, the Court does not consider his declaration as part of his pleading. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (considering additional facts raised in plaintiff's opposition papers only for purposes of determining whether to grant leave to amend); Fed. R. Civ. P. 7. Because Plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).

### C.  Remaining arguments

By its motion, Herc Rentals seeks dismissal under Rule 12(b)(6), arguing that Mr. David has failed to allege the necessary elements to state a claim for the violation of RCW 49.58.110, and also seeks to strike Mr. David's class allegations under Rule 12(f). Because Mr. David lacks standing, this Court does not have subject matter jurisdiction to address the parties' additional arguments.[6] Accordingly, Herc Rentals' motion under Rules 12(b)(6) and 12(f) is DENIED AS MOOT.

---

[6] The Court also notes that "District courts in the Ninth Circuit commonly resolve dispositive motions before turning to class certification." *Pattison v. Omnitrition Int'l, Inc.*, C17-1454JLR, 2018 WL 1474426, at *2 (W.D. Wash. Mar. 23, 2018).

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 11

## V.    CONCLUSION

For the foregoing reasons,

1.   Defendant Herc Rentals, Inc.'s Motion to Dismiss, ECF No. 10, is DENIED AS MOOT; and

2.   This case is remanded to King County Superior Court.

DATED this 10th day of May, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 12